IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CARMACK, | § | |
| | § | |
| Plaintiff/Counterclaim-Defendant, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-00661-K |
| | § | |
| ZENIMAX MEDIA INC., | § | |
| | § | |
| Defendant/Counterclaim-Plaintiff. | § | |

**PROTECTIVE ORDER**

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any third party who receives a subpoena in connection with this action or who otherwise agrees to produce materials or provide testimony in the above-captioned action ("the Litigation"). The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries,

descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

### Designation and Maintenance of Information.

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of (i) trade secrets or confidential, proprietary, or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(7); (ii) private financial, medical, or other sensitive information of an individual; or (iii) other information required by law or agreement to be kept confidential, and (b) the "Confidential Attorney Eyes Only" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, (i) information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or (ii) information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

The parties agree and acknowledge that to the extent that confidential information relating to source code is to be produced in this action, including

(i) computer source code, (ii) documents that describe encoding or decoding algorithms used in computer source code, (iii) comments and revision histories associated with computer code, and (iv) formulas, engineering specifications, or schematics that define or otherwise describe the algorithms or structure of software or hardware designs, the procedures and protocols set forth in this Protective Order shall not govern, and the parties agree to negotiate in good faith to develop such additional procedures for the treatment of this information if that issue arises.  If the parties are unable to negotiate such an agreement, the parties are to set forth their respective differences and their reasons therefor in separate submissions of no longer than 10 pages for determination by the Court.  The responding party's submission shall be filed no later than 5 business days after the initial submission, and no reply shall be filed unless requested by the Court.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing

3

a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

## CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
## SUBJECT TO PROTECTIVE ORDER

A party (or a third-party witness) may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party or witness will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript or any portion of the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the printed transcript and each printed copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information

or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

### Inadvertent Failure to Designate.

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as Confidential or Confidential Attorney Eyes Only at a later date in writing and with particularity. The information must be treated by the receiving party as Confidential or Confidential Attorney Eyes Only from the time the receiving party is notified in writing of the change in the designation.

### Challenge to Designations.

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under LR 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information, and may in connection with such a challenge file the disputed materials with the Court under

seal.  Until any such dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

## Disclosure and Use of Confidential Information.

6.  Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Nothing in this Protective Order shall be construed as a waiver by the Parties of any objection that might be raised as to the admissibility of any evidentiary material.  Further, nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this Litigation, and in the course thereof, relying upon such attorney's permissible examination of confidential information; provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any Confidential or Confidential Attorney Eyes Only Information to unauthorized persons.  Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose.

7.  Subject to paragraphs 9 and 11 below, Confidential Information produced by Carmack may be disclosed only to the following individuals: (a) J. Griffin Lesher, Secretary and Executive Vice President of Legal at ZeniMax Media Inc. and Joshua Gillespie, Associate General Counsel at ZeniMax Media Inc.; (b) ZeniMax's outside counsel in the Litigation; (c) supporting personnel employed

or engaged in connection with the Litigation by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) experts or consultants in the Litigation; and (e) any persons requested by counsel to furnish services in connection with the Litigation such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents.  Subject to paragraphs 9 and 11 below, Confidential Information produced by ZeniMax may be disclosed only to (a) Carmack's outside counsel in the Litigation and supporting personnel employed or engaged by Carmack's outside counsel in connection with the Litigation, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (b) experts or consultants in the Litigation; and (c) any persons requested by counsel to furnish services in connection with the Litigation such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents

8. Subject to paragraphs 9 and 11 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party in the Litigation: (b) supporting personnel employed by outside counsel in connection with the Litigation, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c)

7

experts or consultants in the Litigation; and (d) those individuals designated in paragraph 11(c).

9. Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees as otherwise permitted by this Protective Order, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae (if any) of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the video gaming or virtual reality industries. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

10. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

8

11. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not otherwise allowed access to such information under this Protective Order if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6); (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees in writing that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Third Party Information.**

12. For the purposes of this Protective Order, a "Third Party" is any party that is not a named Party in this Litigation.

(a) <u>Joining a Third Party Under the Protective Order</u>. If a Third Party provides discovery in connection with this Litigation and if the Third Party so elects, then the provisions of this Protective Order shall apply to such discovery and the Parties will treat all information that is

produced by such Third Party and marked or labeled with a confidentiality designation in accordance with the terms of this Protective Order. Under such circumstances, the Third Party shall have the same rights and obligations under this Protective Order as held by the Parties in this Litigation.

(b) <u>Designation of Third Party Materials</u>. Regardless of whether the Third Party elects to apply the instant Protective Order, any documents or information provided by a Third Party shall be treated as Confidential Attorneys Eyes Only for fourteen (14) days after the production of said documents or information. After the expiration of the fourteen (14) day period, and absent any notice of a dispute from a party, said information or documents will retain the confidentiality designation applied by the Third Party. If any party disputes the confidentiality designation applied by a Third Party, the disputing party may request by motion that the Court remove or modify the confidentiality designation applied by the Third Party or the lack thereof. In the event that a party disputes the designation applied by a Third Party, upon receiving such notice, all other parties must maintain the material as Confidential Attorneys Eyes Only until the Court resolves the issue. On such motion, the party seeking to modify the confidentiality designation applied by the Third Party shall have the burden of proving

10

that the material in question warrants such modification under this Protective Order.

### Filing Documents With the Court.

13. If any party wishes to submit Confidential Information to the court, the submission must be filed only under seal on CM/ECF if filed electronically. If filed in hard copy, or if submitted as a judge's copy of an electronic filing, the filing or submission must be made in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL INFORMATION**
[caption]
**This envelope, which is being filed under seal,
contains documents that are subject to a Protective
Order governing the use of confidential discovery material.**

### No Prejudice.

14. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive

the provisions or protections provided for in this Protective Order with respect to any particular information or material.

### Conclusion of Litigation.

15. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

### Other Proceedings.

16. By entering this Protective Order and limiting the disclosure of information in this case, the parties do not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential pursuant to this Protective Order must promptly notify that party of the motion so that the party may

have an opportunity to appear and be heard on whether that information should be disclosed.

## Remedies.

17. It is **ordered** that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

19. This Order is no way limits the Court's ability to disclose the information covered by this Order as the Court deems appropriate.

**SO ORDERED.**

Signed October 26th, 2017

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CARMACK, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. Action No. 3:17-CV-00661-K |
| ZENIMAX MEDIA INC., | § § § | |
| Defendant. | § | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT, CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

_____
Signature

_____
Printed Name

_____
Date

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CARMACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-00661-K |
| | § | |
| ZENIMAX MEDIA INC., | § | |
| | § | |
| Defendant. | § | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

_____
Signature

_____
Printed Name

_____
Date